# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 7, 2017
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RONALD E. MILLS,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0302** (BOR Appeal No. 2051629)
                      (Claim No. 2000051941)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**ISLAND FORK CONSTRUCTION LTD,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

In workers' compensation law, a claimant is entitled to medically related and reasonably required treatment as long as the treatment is for an injury or disease sustained in the course of and resulting from employment. Ronald E. Mills was working for Island Fork Construction, LTD, when he injured his lower back. We are asked to decide whether a lumbar MRI without contrast should be authorized. After a thorough review of the evidence, we find that the requested treatment is neither medically related nor reasonably required for the compensable injury. We also find, after consideration of the parties' briefs and evidentiary record, that the decisional process would not be significantly benefitted by oral argument. We find no substantial question of law or prejudicial error. Therefore, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mills, a heavy equipment operator, was injured on March 24, 2000, in the course of his employment while lifting and tugging on a structure. He was treated by Robert Kropac, M.D., for the injury. On August 21, 2002, Mr. Mills was again seen for lower back and left leg pain by Dr. Kropac who recommended several medications for pain control. Dr. Kropac also recommended a repeat MRI of the lumbosacral spine for diagnostic purposes. A 2004 MRI showed disc degeneration and residual disc bulging at L5-S1 but no evidence of disc herniation or spinal stenosis. The claims administrator added displaced lumbar intervertebral disc and lumbosacral sprain/strain to the claim.

1

On May 9, 2005, A.E. Landis, M.D., performed an independent medical evaluation of Mr. Mills and opined that he suffered a soft tissue sprain injury to his lower back in the work-related incident. The injury was superimposed on preexisting degenerative disc disease at L5-S1. Dr. Landis found that Mr. Mills has had extensive treatment and has had persistent symptoms related to his degenerative disc disease. Dr. Landis concluded that he had reached maximum medical improvement and assessed 5% impairment. The claims administrator thereafter granted a 5% permanent partial disability award.

Thirteen years after the initial injury, Dr. Kropac examined Mr. Mills and diagnosed lumbar disc herniation with left lower extremity radiculitis. He requested authorization for an MRI. On the request, where it asks if the injury is related to an accident, he marked "NO". Mr. Mills testified in a deposition that prior to his compensable injury in 2002, he had no back problems. Since the injury he has had ongoing back problems. His main issue is the sciatic nerve going down his leg. The pain is nearly constant and worsens with activity. He stated that it had been a few years since his latest MRI. Mr. Mills testified that he does home exercises and takes medication to manage his symptoms. He said that his job sometime irritates his back.

Dr. Kropac also testified in a deposition that he had treated Mr. Mills for his compensable injury for many years. He stated that Mr. Mills needs an MRI to evaluate his increasing back pain and radicular symptoms to determine if there has been a progression of his disc herniation or recurrent disc herniation. Dr. Kropac asserted that the MRI is medically necessary and that he would be unable to provide Mr. Mills with a proper treatment plan without one. On cross-examination, Dr. Kropac admitted that once a disc is herniated, it is very easy to rupture it, even without further injury. A cough or sneeze could cause a rupture. Dr. Kropac disagreed with Dr. Landis's finding that Mr. Mills had a soft tissue injury because he did have a disc herniation due to the injury.

The claims administrator denied the lumbar MRI without contrast. And the Office of Judges affirmed the decision. It found that Dr. Kropac examined Mr. Mills and diagnosed disc herniation secondary to the compensable injury. The requested MRI at issue was for diagnostic purposes. In his testimony, Dr. Kropac asserted that he needed an MRI to evaluate Mr. Mills's increasing pain with radiculopathy. Dr. Kropac acknowledged that pain, including radicular pain, can be caused by degenerative changes. He further said that once someone has a disc herniation, it is very easy to rupture the disc. The Office of Judges found that the claim has not been held compensable for disc herniation although Dr. Kropac stated it is part of the compensable injury and is the basis of his treatment request. The Office of Judges noted that the 2004 lumbar MRI did not show a disc herniation; however, it did show degeneration, which Dr. Kropac indicated could be the cause of Mr. Mills's pain. The Office of Judges therefore found that the requested MRI was neither medically necessary nor reasonably required treatment for the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order.

On appeal before this Court, Mr. Mills argues that he has been reporting increasing pain for the past few years. His treating physician determined that an MRI is necessary to see if his

displaced disc progressed. He asserts that Dr. Kropac's opinion is the only of record and the MRI should therefore be authorized. The West Virginia Office of the Insurance Commissioner argues that the preponderance of the evidence does not show that the requested treatment is reasonably required for the compensable injury. It asserts that a disc herniation has not been held compensable in this claim and an MRI to check for its progression was therefore properly denied.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence shows that the claim has not been held compensable for herniated lumbar disc. An MRI to evaluate that condition was therefore properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 7, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum